UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ME2 PRODUCTIONS, INC.,

               Plaintiff,                       O R D E R

     -against-                       17 CV 5053 (MKB)(RML)

DOE—100.2.179.124, DOE—74.101.100.252,
DOE—67.245.228.120, DOE—108.6.11.14,
DOE—100.12.51.23, DOE—96.239.22.107,
DOE—96.246.25.95, DOE—47.17.246.175,
DOE—47.16.120.230, DOE—24.168.64.87,
DOE—67.87.122.119, DOE—108.27.211.217,
DOE—74.108.32.7, DOE—47.21.21.211, and
DOE—66.108.125.120.,

               Defendants.
------------------------------------------------------------X

LEVY, United States Magistrate Judge:

        On September 27, 2017, defendant DOE—24.168.64.87 ("defendant") filed an objection statement seeking to quash a subpoena served by plaintiff ME2 Productions ("plaintiff") on internet service provider Charter Communications a/k/a Time Warner Cable. The subpoena required the provider to disclose identifying information about the user associated with the IP address 24.168.64.87 on May 13, 2017 at 21:03:59 UTC.  Plaintiff alleges that this user engaged in unauthorized copying and distribution of its copyrighted film, *Mechanic: Resurrection*.  (See Complaint, dated Aug. 25, 2017, ¶¶ 8–10; id., Ex. A.)

        Defendant argues that plaintiff's subpoena should be denied for three reasons. First, defendant claims that plaintiff abuses judicial processes to harass consumers.  (Defendant's Opposition to Disclosure of Identifying Information, dated Sept. 27, 2017, ¶ 3(a).)  Second, defendant claims to have been misidentified, stating that "the IP address they list for me cannot be my address."  (Id. ¶ 3(b).)  Finally, defendant denies wrongdoing, stating: "I would testify that I do not share files."  (Id. ¶ 3(c).)

A motion to quash or modify a subpoena must be granted if the subpoena: (1) fails to allow reasonable time to comply; (2) requires a person to comply beyond the geographical limits set out in Rule 45(c); (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies; (4) subjects a person to undue burden; (5) requires disclosing a trade secret or other confidential research, development, or commercial information; or (6) requires disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party. FED. R. CIV. P. 45(d)(3). None of these grounds have been alleged by defendant.

Whether or not plaintiff's general pursuit of copyright claims in other cases is abusive, as defendant claims, is irrelevant, as plaintiff has made a prima facie showing of copyright infringement in this case and the court has, accordingly, found good cause for the limited discovery sought by plaintiff in this case. (See Order granting Motion for Discovery, dated Aug. 30, 2017.) Defendant's two other grounds for objection both go to the issue of liability, which is not relevant to this motion to quash. See Malibu Media, LLC v. Doe, No. 14 CV 4808, 2016 WL 4574677, at *6 (E.D.N.Y. 2016) ("whether Defendant ultimately has meritorious defenses to Plaintiff's claims is not relevant for purposes of the instant motion to quash or Plaintiff's ability to obtain the discovery sought . . . .") (citing cases). Defendant will have ample opportunity to raise these and other defenses as the case proceeds.

For the foregoing reasons, defendant's motion to quash is denied.

SO ORDERED.

Dated: Brooklyn, New York
October 20, 2017

_____/s/_____
ROBERT M. LEVY
United States Magistrate Judge